**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 3, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BERTRAM L. WILSON, JR.,

    Plaintiff - Appellant,

v.

WICHITA STATE UNIVERSITY; TED
AYERS, Wichita State University
employee; WADE ROBINSON, former
Vice President for Campus Life and
University Relations; ROBIN TIEMEYER,
Library Access Service Manager; PHILLIP
SHALITE, Officer; CODY HERL, Police
Captain,

    Defendants - Appellees.

No. 16-3266
(D.C. No. 6:16-CV-01153-JTM-KGG)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

    Bertram L. Wilson Jr., proceeding pro se, claims damages for alleged

psychological stress and mental anguish caused by his ejection from the library and

campus of Wichita State University. Wilson generally asserts that University officials

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violated many of his constitutional rights, referencing the Fifth, Sixth, and Fourteenth Amendments. The district court dismissed Wilson's claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. We reverse and remand.

## BACKGROUND

Wilson is a Wichita State alumnus who has for several years researched at the campus library. The University instituted a policy requiring that library users have a research card before researching in the library for more than two-hour periods. Wilson obtained a research card, but was unable to have it reissued despite multiple attempts to speak to University officials about its imminent expiration. Wilson alleges that on March 11, 2014, after his card had expired, officers of the Wichita State University Police Department ordered him to leave the campus library, as well as to leave campus entirely. Wilson says that the officers told him that he was a concern to the people in the library. Further, Wilson alleges that on March 17, 2014 the officers again ordered him to leave the library and campus. He claims that they also issued him a trespass order. Five days later, a University official sent Wilson a letter affirming the police action and the trespass order, citing a safety concern for students and employees. Wilson claims that on March 21, 2014 he called the Clearwater, Kansas Police Department for an outside opinion about those police actions. He alleges that later that night officers of the Wichita Police Department (not the campus police) arrived at his apartment, at least one with his gun drawn, and searched him.

Wilson sued various University officials in federal court, alleging that they had violated his constitutional rights by acting arbitrarily and discriminating against him. On

June 21, 2016, the magistrate judge assigned to the case issued both a memorandum and order granting Wilson *in forma pauperis* status[1] and denying him appointed counsel, and a report and recommendation that his claim be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim. Wilson objected to the dismissal, but the district court adopted the magistrate court's recommendation to dismiss the complaint. Wilson was unable to serve any defendant with process before dismissal. Wilson timely appealed.[2]

**DISCUSSION**

We review de novo a district court's dismissal of a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). We accept a complaint's allegations as true, and we construe all reasonable inferences in the light most favorable to the plaintiff. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). We apply the same standard for § 1915(e)(2)(B)(ii) dismissals as we do for Fed. R. Civ. P. 12(b)(6) motions to dismiss: the facts alleged must "raise a right to relief above the speculative level." *Kay*, 500 F.3d at 1218 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Despite this generally equivalent standard, a § 1915 dismissal is proper only if it is obvious that the plaintiff cannot prevail and that an amended complaint would prove futile. *Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). Because Wilson brings his complaint pro se, we construe his pleadings

---

[1] Wilson's IFP status carries over to this appeal. Fed. R. App. P. 24(a)(3).

[2] Wilson did not raise the denial of the appointment of counsel in his appellate brief and so we view it as waived. Fed. R. App. P. 28(a)(8)(A); *see United States v. Martinez*, 518 F.3d 763, 767 n.2 (10th Cir. 2008) ("[Appellant] did not challenge the district court's ruling in his opening brief, and thus this argument is waived.").

liberally, but we do not serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Wilson generally claims violations of the Fifth, Sixth, and Fourteenth Amendments, but is imprecise in stating his claims for relief. For instance, Wilson argues that "[t]he Constitution is the law of the land" and that the "search for precedents is of limited meaning." Appellant Br. at 4. As best we can tell, Wilson's complaint makes two claims. First, we understand him to argue that the defendants deprived him of Fourteenth Amendment equal protection by treating him differently from other library patrons. Second, we understand him to argue that the defendants deprived him of Fourteenth Amendment procedural due process by not reissuing his research card after his years using the library.

Even construing these claims liberally, Wilson states no viable equal-protection claim. Wilson has not alleged membership in any suspect class or the violation of any fundamental right that would entitle him to a standard other than rational-basis review. *See Teigen v. Renfrow*, 511 F.3d 1072, 1083 (10th Cir. 2007) ("Because Plaintiffs do not claim they are members of a suspect class or that the challenged classification burdens a fundamental right, this court applies rational basis scrutiny."). Under the rational-basis standard, we will uphold an action so long as it is rationally related to a legitimate government purpose. *Id.* Any conceivable version of the facts can provide a rational basis. *Copelin-Brown v. N.M. State Pers. Office*, 399 F.3d 1248, 1255 (10th Cir. 2005). Here, Wilson has not alleged facts that would overcome the presumption of rationality. *See Teigen*, 511 F.3d at 1083.

Add to all this that the setting is a university campus. Generally, universities have discretion to exclude otherwise constitutionally protected activities from their campuses, provided that the activities violate reasonable rules or substantially interfere with educating students. *Widmar v. Vincent*, 454 U.S. 263, 276-77 (1981). Judges owe school administrators much discretion in their decisions about how to run a university. *Christian Legal Soc. Chapter of the U. of Cal., Hastings College of L. v. Martinez*, 561 U.S. 661, 686 (2010).[3] Officers removed Wilson from the campus of a public university, apparently out of a concern that his behavior or presence caused risks to other library users. In the context of equal-protection claims, university officials act within their proper role in making policies protecting the safety of students, faculty, or other citizens.

But even acknowledging all this discretion owed to university officials, we are unconvinced that allowing Wilson to amend his procedural-due-process allegations would be futile. Wilson might be able to show that the university has a policy on library usage that creates a property interest. If the university's policy is to issue cards unless certain rules are violated, that self-restriction on the University's discretion could create a due-process property interest.

For instance, in *Brown v. Eppler*, a man who had misbehaved on a public bus challenged his ban from the bus system. 725 F.3d 1221, 1224-25 (10th Cir. 2013). We held that, by creating a policy banning only people who violated certain rules of conduct, the public bus authority had constrained its own discretion and created a property interest

---

[3] But of course we remain "the final arbiter" of whether a university's policies have violated the Constitution. *Christian Legal Soc. Chapter of the U. of Cal., Hastings College of L.*, 561 U.S. at 686.

in bus ridership. *Id.* at 1226-27. We also held that it did not matter that the bus authority could change the rules. *Id.* If regulations mandate a certain result so long as certain rules are followed, a person can show a protected property interest. *Id.* We do not know if the Wichita State University's rules for library research cards are similar to *Eppler*'s rules for bus ridership. But because they very well might be, we cannot say at this early stage— even before the defendants are served and have answered—that an amended complaint would prove futile. More facts that might show futility or a valid interest should be made known before the district court considers Wilson's complaint again.

## CONCLUSION

We reverse the district court's § 1915 dismissal of Wilson's complaint and remand for proceedings consistent with this order and judgment.


Entered for the Court


Gregory A. Phillips
Circuit Judge

6