FILED
United States Court of Appeals
Tenth Circuit

December 12, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BERTRAM L. WILSON, JR.,

     Plaintiff - Appellant,

v.

WICHITA STATE UNIVERSITY; TED
AYERS, Wichita State University
employee; WADE ROBINSON, former
Vice President for Campus Life and
University Relations; ROBIN TIEMEYER,
Library Access Service Manager; PHILLIP
SHALITE, Officer; CODY HERL, Police
Captain,

     Defendants - Appellees.

No. 17-3102
(D.C. No. 6:16-CV-01153-JTM-KGG)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **O'BRIEN**, Circuit Judges.
_____

Bertram Wilson, Jr., proceeding pro se and in forma pauperis, appeals the

district court's dismissal of his complaint alleging his constitutional rights were

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violated when he was ejected and excluded from a university library and campus. We affirm.

## I. BACKGROUND

Mr. Wilson's claims arise from his March 11, 2014, ejection from the Wichita State University library where he had conducted research for several years. He is an alumnus of the University. His research card, necessary for extended research periods, had expired. He claimed he had attempted to contact defendant Tiemeyer, a librarian, several times but the research card was not reissued. Consequently, defendants Shalite and Herl, University Police Department officers, ordered Mr. Wilson to leave the library and campus on March 11, 2014, and again on March 17, 2014. The officers also issued him a trespass order, which defendant Ayers, a University vice president, and defendant Robinson, an attorney for the University, later affirmed in a letter to Mr. Wilson, citing a safety concern for students and employees. Seeking an outside opinion on the University's actions, Mr. Wilson called the Clearwater, Kansas Police Department. In response, officers of the Wichita Police Department came to his apartment, at least one with his gun drawn, and searched him.

Mr. Wilson sued, asserting that Defendants had violated his constitutional rights by failing to reissue the research card, ejecting him from the library and campus, and issuing the trespass order. He generally claimed violations of the Fifth, Sixth, and Fourteenth Amendments. He sought damages for psychological stress and mental anguish, and he requested that the trespass order be rescinded.

The district court initially dismissed the complaint sua sponte under 28 U.S.C. § 1915(e)(2) (providing for dismissal of a case filed in forma pauperis if the court determines that the action fails to state a claim). Mr. Wilson appealed and this court affirmed in part, reversed in part, and remanded. *Wilson v. Wichita State Univ.*, 662 F. App'x 626 (10th Cir. 2016) (*Wilson I*). We held that the complaint failed to state an equal-protection claim based on Mr. Wilson's allegation that he was treated differently from other library patrons. *Id.* at 629. We then concluded that he should be allowed "to amend his procedural-due-process allegations," suggesting that he "might be able to show that the [U]niversity has a policy on library usage that creates a property interest." *Id.* We indicated that "[i]f the [U]niversity's policy is to issue cards unless certain rules are violated, that self-restriction on the University's discretion could create a due-process property interest." *Id.* (citing *Brown v. Eppler*, 725 F.3d 1221, 1226-27 (10th Cir. 2013) (holding that by creating a policy banning only people who violated certain rules of conduct, the public bus authority had constrained its own discretion and created a property interest in bus ridership)). Therefore, we remanded for further proceedings.

On remand Mr. Wilson filed a Case Review and Update, which the district court liberally construed as an amended complaint. In response to Defendants' motion to dismiss, Mr. Wilson filed another Case Review and Update, which was similar to the first. The district court granted dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction, holding that the University and the remaining Defendants in their official capacities were entitled to Eleventh Amendment

3

immunity. The court also invoked Fed. R. Civ. P. 12(b)(6) to hold that Mr. Wilson's filings failed to state a claim upon which relief can be granted, and therefore the Defendants in their individual capacities were entitled to qualified immunity.

## II. DISCUSSION

We liberally construe Mr. Wilson's pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted).

On appeal, Mr. Wilson does not challenge the district court's ruling that the University and the Defendants in their official capacities are immune from suit under the Eleventh Amendment. Therefore, he has waived any official-capacity claims and claims against the University. *See Kabba v. Mukasey*, 530 F.3d 1239, 1248 (10th Cir. 2008) (holding litigant waived issue on appeal by failing to present any argument challenging the decision under review). Therefore, we address the claims against the defendants in their individual capacities.

"This Court reviews *de novo* the district court's decision on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) based on qualified immunity." *Denver Justice & Peace Comm., Inc. v. City of Golden*, 405 F.3d 923, 927 (10th Cir. 2005). When reviewing a Rule 12(b)(6) dismissal, "[w]e accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the

4

plaintiff." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (internal quotation marks omitted). We will affirm the dismissal if the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The district court held that Mr. Wilson's complaint and amended complaint failed to state a claim and granted qualified immunity to the Defendants in their individual capacities. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). We conclude that the complaint and amended complaint failed to state a claim for violation of clearly established constitutional rights.

In this appeal, Mr. Wilson attempts to renew his claim that Defendants violated his equal-protection rights by treating him differently from other library patrons. But in *Wilson I*, we held that such a claim requires a plausible showing that the different treatment was based on "membership in [a] suspect class or the violation of [a] fundamental right that would entitle him to a standard other than rational-basis review," a showing Mr. Wilson did not make in his original complaint. 662 F. App'x at 629. Without such a showing, Mr. Wilson did not "overcome the presumption of rationality." *Id.* Further, we held that the University personnel "act[ed] within their

5

proper role." *Id.* Mr. Wilson did not attempt on remand to clarify or develop this claim, so we affirm the dismissal.

Turning to the procedural-due-process claim, we conclude that on remand Mr. Wilson did not plausibly "show that the [U]niversity has a policy on library usage that creates a property interest," *Id.* Rather than attempt to show the existence of such a policy, Mr. Wilson alleged, without supporting facts:

> For many years, one could research unobstructed and in privacy, at the [University] library. A policy change was implemented, in a requirement, for a research card, for extended periods of research, and limited by expiration. The institution of this policy established a property interest that facilitated arbitrary distinctions, as based on economic background, standing and other attributes.

R. at 54. Mr. Wilson further alleged that the policy "was applied by arbitrary means" to exclude library patrons whose beliefs were deemed to be contrary to those of the University. *Id.* He asserted that the property interests were "evidenced in the uses of the research card policy" and "became inordinate to the use of the facility." *Id.*

These general, conclusory allegations are insufficient to state a due-process claim. *See Mocek v. City of Albuquerque*, 813 F.3d 912, 921 (10th Cir. 2015) (stating that when evaluating whether a complaint states a claim, we "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable" (internal quotation marks omitted)). Mr. Wilson has not alleged that the University has a "policy . . . to issue [research] cards unless certain rules are violated" or any other "self-restriction on the University's

6

discretion." *Wilson I*, 662 F. App'x at 629. Thus, he has not plausibly alleged a procedural-due-process claim.

In the Case Reviews and Updates filed on remand, which the district court construed as an amended complaint, Mr. Wilson alleged that his treatment by Defendants violated the following rights in addition to due process:

> rights to privacy, . . . to not be treated arbitrarily and unfairly, and to not be discriminated against, and to be informed of the nature of any alleged infraction, the rights to enter a public building, to pursue knowledge, the rights not to be misrepresented, and subjected to an unsubstantiated trespass order, and the right to a hearing on this matter.

R. at 54.

Mr. Wilson's alleged rights to not be treated arbitrarily and unfairly, to be informed of the nature of the alleged infraction, to not be misrepresented or subjected to an unsubstantiated trespass order, and to a hearing, all appear to implicate procedural due process. As we have held above, Mr. Wilson's failure to allege facts to show that he had a property interest in a research card is fatal to his due-process claims. The alleged right to not be discriminated against may implicate equal protection, a claim we have previously rejected.

As to the alleged rights to privacy, to enter a public building, and to pursue knowledge, Mr. Wilson did not attempt on remand to clarify or develop these claims. Therefore, as we found in *Wilson I*, the original complaint alleged claims only for equal protection and due process. Moreover, a plaintiff cannot rely on "labels and

7

conclusions, and a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[1]

We hold that Mr. Wilson's amended complaint failed to state a plausible claim for relief on his claims that the Defendants in their individual capacities violated his constitutional rights. To the extent his complaint and amended complaint attempted to include claims against the Wichita Police Department or its personnel, we do not address those claims because neither the police department nor its personnel were named in the complaint.

## III. CONCLUSION

The judgment is affirmed.

Entered for the Court


Timothy M. Tymkovich
Chief Judge

---

[1] On appeal, Mr. Wilson claims Defendants violated his liberty interests through "unbased exclusions and aggressive police action." Aplt. Opening Br. at 7. He does not, however, identify where he raised a liberty-interest claim in the district court, and he does not argue for the application of plain-error review on appeal. Therefore, the liberty-interest claim is waived. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130-31 (10th Cir. 2011).